IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>WALTER EISEMAN | Criminal No. 2:23-cr-247 |

**INFORMATION MEMORANDUM**

AND NOW comes the United States of America, by its attorneys, Eric G. Olshan, United States Attorney for the Western District of Pennsylvania, and Jeffrey R. Bengel, Assistant United States Attorney for said District, and submits this Information Memorandum to the Court:

**I. THE INFORMATION**

A one-count Information was filed against the above-named defendant for an alleged violation of federal law:

| COUNT | OFFENSE/DATE | TITLE/SECTION |
|---|---|---|
| One | Bribery Concerning Programs Receiving Federal Funds<br>December 2018 to March 2019 | 18 U.S.C. § 666(a)(1)(B) |

**II. ELEMENTS OF THE OFFENSE**

A. **As to Count One:**

In order for the crime of Bribery Concerning Programs Receiving Federal Funds, in violation of 18 U.S.C. § 666(a)(1)(B), to be established, the government must prove all of the following essential elements beyond a reasonable doubt:

1. That at the time alleged in the Information, WALTER EISEMAN was an agent of the City of Pittsburgh;

  2. That the City of Pittsburgh received federal benefits in excess of $10,000 in a one-year period;

  3. That WALTER EISEMAN accepted and solicited something of value from any person;

  4. That WALTER EISEMAN acted corruptly with the intent to be influenced or rewarded in connection with the business of the City of Pittsburgh; and

  5. That the value of the business or series of transactions to which the payment related was at least $5,000.

Third Circuit Model Criminal Jury Instruction 6.18.666A1B.

### III.  PENALTIES

  A. **As to Count One: Bribery Concerning Programs Receiving Federal Funds (18 U.S.C. § 666(a)(1)(B)):**

   (1) imprisonment for not more than ten (10) years;

   (2) a fine not more than the greater of;

    (a) $250,000 (18 U.S.C. § 3571(b)(3));

    or

    (b) an alternative fine in an amount not more than the greater of twice the gross pecuniary gain to any person or twice the pecuniary loss to any person other than the defendant, unless the imposition of this alternative fine would unduly complicate or prolong the sentencing process (18 U.S.C. § 3571(d));

   (3) a term of supervised release of not more than three (3) years (18 U.S.C. § 3583);

   (4) Any or all of the above.

## IV. **MANDATORY SPECIAL ASSESSMENT**

A mandatory special assessment of $100.00 must be imposed at each count upon which a defendant is convicted, pursuant to 18 U.S.C. § 3013.

## V. **RESTITUTION**

Restitution is not applicable in this case.

## VI. **FORFEITURE**

As described in the Information, forfeiture is applicable in this case.

> Respectfully submitted,
>
> ERIC G. OLSHAN
> United States Attorney
>
>
> _/s/ Jeffrey R. Bengel_
> JEFFREY R. BENGEL
> Assistant U.S. Attorney
> DC ID No. 1018621